United States District Court
for the
District of Vermont

Bernard Carpenter

v.

Town of Marshfield

Docket No.

1:01-cv-342

## Nature of the Case

Plaintiff, a resident of the Town of Marshfield, and a U.S. citizen, without an opportunity for a hearing on the issue, has been barred, by being issued a notice against trespass, from the municipal public property including the selectboard meeting place, by the selectboard of the Town of Marshfield, effectively precluding him from taking part in the municipal government, and depriving him of his constitutionally protected rights of equal protection of the law, the right to vote, the right to free speech all without due process of the law. In sum, this is a §1983 action against a municipality for violation of constitutionally protected rights and without due process, seeking equitable and legal remedy. The action also includes a count for defamation under state law, pendent jurisdiction.

## Jurisdicction

This court has jurisdiction under 42 U.S.C §§1983 and 1988; and 28 U.S.C §§1331 and 1343(3). Pendent jurisdiction is alleged for the defamation claim.

## Facts

1. Bernard Carpenter, a U.S. citizen, is a long time resident of Marshfield, Vermont. Mr. Carpenter is was employed at one time by the Town of Marshfield as road crew supervisor. Mr. Carpenter regularly attended local schoolboard and selectboard meetings in the Town of Marshfield.

2. Mr. Carpenter is 65 years old, a grandfather, and his physical stature does not present itself as a physical menace.

3. The Town of Marshfield, (hereinafter reffered to as the Town) a municipality within the State of Vermont, is directed and managed by an elected board of citizens, namely the Selectboard. The Selectboard is the local governing board and it sets the official policies of the municipality.

4. Under Vermont State law and practice the public is entitled to attend and participate in all meetings of the selectboard with the exception of executive sessions. The public is also entitled to be heard at such meetings.

5. The Town owns several parcels of real estate including the space where the Selectboard holds its meetings. Local elections, public

    meetings, planning commission hearings and the like are held within the buildings owned and controlled by the Town.

6. The Town's property also houses the town's library, the town clerk's office and the local food shelf.

7. On October 1, 2001, Mr. Carpenter attempted to understand the recent notice that he had received informing him of a substantial increase in his medicaid month payment, by calling the Vermont State Dept. of Banking and Insurance. During his call to the banking and insurance department, Mr. Carpenter identified himself and his concerns about the increased payment. He was referred or passed from one employee to another. The final employee to whom Mr. Carpenter spoke offered that Mr. Carpenter should address his concerns with the State Legislature. Mr. Carpenter said that he didn't consider the state legislature worth much, and that for all that he thinks the planes that hit the NY City twin towers should have kept on going to the Vermont Statehouse.

8. On October 2, 2001, the town clerk's office was called by a State Police officer and erroneously informed that Mr. Carpenter had made a threat to blow up the State Capitol building. Mr. Carpenter has never made such a threat and has no intention of doing so.

9. On October 9, 2001, based upon the erroneous report of the state police to the town clerk, and the fact that Mr. Carpenter had made public criticisms of the selectboard in the past, the Town of Marshfield

Selectboard passed a resolution to ban Mr. Carpenter from entering onto property of the Town including the entire Old Schoolhouse Common building and grounds, the Recreation Field, the Town Garage building and grounds, as well as the property of the Selectboard and Town Clerk."

10. On October 9, 2001, the Town of Marshfiled caused notices against trespass to be issued to Bernard Carpenter to prohibit his entrance upon the lands of the Town of Marshfiled, to wit: the entire Old Schoolhouse Common building and grounds, the Recreation Field, the Town Garage building and grounds, as well as the property of the Selectboard and Town Clerk.

11. The fact of the banning and notices against trespass was published by the town to the local newspapers. The Hardwick Gaxette and the Times Argus both published articles in their October 10th and 9th editions respectively.

12. The Town of Marshfield gave no opportunity to determine the accuracy of the erroneous allegation of a bomb threat made by Mr. Carpenter.

13. As a result of the town's actions, Mr. Carpenter has been falsely accused and labeled in the public eye.

14. Mr. Carpenter has suffered embarrassment and humiliation as a result of the actions of the Town of Marshfield.

15. Mr. Carpenter has been denied access to the operations of the local government, his right to vote, and his right to freedom of speech, all without due process of law.

## Count I

The Town of Marshfield has violated the U.S. Constitutional and federal statutory rights of Mr. Carpenter to engage in the right to vote, freedom of speech. He has been deprived of such rights without the due process of law.

## Count II

The Town of Marshfield has defamed the character of Mr. Carpenter, by alleging that he has threatened to bomb the State Capitol Building.

WHEREFORE plaintiff prays that this honorable court enter judgment in favor of plaintiff for:

(a) Injunctive relief, both preliminary and permanent, quashing the effect of the standing notices against trespass and permiting Mr. Carpenter to have unfettered access to the municipal property and to the open meetings under the Vermont State Law.

(b) Damages.

(c) Attorney's Fees.

(d) Costs.

(e) Interest.

(f)     Such other relief in law and equity that is just and equitable.

Dated in Burlington, VT  this  14th day of November, 2001.

Andrew Jackson, Esq.
P.O. Box 622
Middlebury, VT  05753
802 388 3705
Fed ID No. 000386813